

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 11, 2017

United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.  16-30000 |
| | § | |
| TATASHA NICHOLE WHETSTON | § | |
| | § | CHAPTER 13 |
| DEBTOR | § | |
| | § | JUDGE HARLIN D. HALE |

### AGREED ORDER DETERMINING AMOUNT DEEMED NECESSARY TO CURE
### PURSUANT TO MID-CASE NOTICE BY CHAPTER 13 TRUSTEE

   Pursuant to Local Bankruptcy Rule 3002-2(b), the Chapter 13 Trustee filed and served his/her "Notice of Amount Deemed Necessary to Cure" ("Notice") Docket #48 on the below named mortgage creditor. Such Notice contained negative notice language as authorized by Local Bankruptcy Rule 9007-1, informing the mortgage creditor of their obligation to file and serve a Response within 60 days, or else the information contained in the Notice would be deemed unopposed and/or undisputed.

   WHEREAS Fay Servicing (hereinafter "Mortgage Company") filed a Response to Notice of Amount Deemed Necessary to Cure Mortgage Arrears (hereinafter "Response") on August 11, 2017 stating Debtor was due for June 1, 2017, with three payments in the amount of $706.92 each, less suspense of $339.34, totaling $1,781.42. Updated records indicate that the Debtor was due for July 1, 2017 with $315.72 in suspense at the time the Response was filed.  The parties have reached an agreement as indicated by their signatures on this Order.

   **IT IS THEREFORE ORDERED** that as of June 14, 2017, the principal amount necessary to cure any pre-petition and/or post-petition home mortgage arrearage <u>claims</u> filed with the court by the below named mortgage creditor is as follows:

| Mortgage Creditor/<br>Holder of Claim | PRE/POST/ON-GOING | Court<br>Claim # | Trustee<br>Claim # | Amount |
|---|---|---|---|---|
| BSI Financial Services | PRE-PETITION | 6 | | $4,209.87 |

TATASHA NICOLE WHETSONE
733 E. KIRNWOOD DRIVE
DALLAS, TEXAS 75241

Case No. 16-30000; WHETSTONE
BDFTE #6982656

**IT IS FURTHER ORDERED** that except as noted above, as of August 11, 2017, the debtor was due for $**1,098.12**, on Court Claim #6. Subsequently, the Debtor has made payments necessary to bring the mortgage current. As of October 23, 2017, the loan is post petition due for January 1, 2018.

**IT IS FURTHER ORDERED** that the above named creditor shall be precluded from asserting any other pre-petition (cure) amounts on Court Claim #6 that allegedly accrued before the date of the Notice June 14, 2017, in any Contested Matter or Adversary Proceeding in this case, or in any other manner, matter, or forum after a discharge in this case, without further order of the Court.

APPROVED:

/s/ JOHN CALLISON
ATTORNEY FOR MORTGAGE CREDITOR

/s/ TARA TANKERSLEY
STAFF ATTORNEY FOR DALLAS CHAPTER 13 TRUSTEE

/s/
ATTORNEY FOR DEBTOR

### **END OF ORDER** ###

Case No. 16-30000; WHETSTONE
BDFTE #6982656

**IT IS FURTHER ORDERED** that except as noted above, as of August 11, 2017, the debtor was due for $1,098.12, on Court Claim #6. Subsequently, the Debtor has made payments necessary to bring the mortgage current. As of October 23, 2017, the loan is post petition due for January 1, 2018.

**IT IS FURTHER ORDERED** that the above named creditor shall be precluded from asserting any other pre-petition (cure) amounts on Court Claim #6 that allegedly accrued before the date of the Notice June 14, 2017, in any Contested Matter or Adversary Proceeding in this case, or in any other manner, matter, or forum after a discharge in this case, without further order of the Court.

APPROVED:

/s/ JOHN CALLISON
-----
ATTORNEY FOR MORTGAGE CREDITOR

/s/
-----
STAFF ATTORNEY FOR DALLAS CHAPTER 13 TRUSTEE

/s/
-----
ATTORNEY FOR DEBTOR

### END OF ORDER ###